UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES WOODS,

<div style="margin-left:2em">Petitioner,</div>

**Hon. Hugh B. Scott**

<div style="margin-left:2em">v.</div>

08CV144

(CONSENT)

ORDER

JOHN LEMPKE,

<div style="margin-left:2em">Respondent.</div>

Petitioner James Woods has filed a Petition (Docket No. 1) for habeas corpus relief ,pursuant to 28 U.S.C. §2254, challenging his state court convictions.

<u>BACKGROUND</u>

On October 30, 2003, judgment was entered based upon a jury verdict, in New York State Supreme Court, Erie County, that convicted petitioner of rape in the first degree, in violation of N.Y. Penal Law § 130.35(4); sodomy in the first degree, in violation of N.Y. Penal Law § 130.50(4); engaging in a course of sexual conduct against a child in the first degree, in violation of N.Y. Penal Law § 130.75(1)(b); and criminal impersonation in the second degree, in violation of N.Y. Penal Law § 190.25(1).  Petitioner was sentenced to twenty years. Petitioner filed a timely notice of appeal and the New York State Supreme Court, Appellate Division, Fourth Department unanimously affirmed the sexual assault conviction but found that the evidence was legally insufficient to support Petitioner's conviction for criminal impersonation and modified the judgment on that count. <u>People v. Woods</u>, 26 A.D. 3d 818, 810 N.Y.S.2d 274

(4th Dept. 2006).  The New York State Court of Appeals denied leave to review this decision,

People v. Woods, 7 N.Y.3d 765, 819 N.Y.S.2d 890 (2006).

Petitioner then filed post-conviction motions, which were denied and leave to appeal

from these denials was also denied.

*Habeas Petition*

In his present Petition, petitioner argues that he was denied the right to an impartial jury

claiming that there was a spillover effect of the evidence from charge of criminal impersonation

(that was held to be insufficient) to other charges rendering the entire trial unfair.  He also claims

ineffective assistance of counsel because his attorney did very little to prepare for trial, did not

conduct a pretrial investigation, did not interview examining doctors, did not secure independent

medical testimony, and did not call experts.  He contends that his conviction for rape was against

the weight of evidence because there was no physical evidence of forcible penetration and

petitioner disputes the prosecution doctor's testimony regarding percentage of incidents with

such physical evidence.  (Docket No. 1, Pet.)

<u>DISCUSSION</u>

Petitioner raises four grounds for habeas relief: (1) the conviction was obtained in

violation of his Sixth Amendment right to an impartial jury; (2) petitioner was denied his Sixth

Amendment right to effective assistance of counsel; (3) the conviction of rape in the first degree

is against the weight of the evidence in that there was no physical evidence of rape; and (4) the

conviction of rape in the first degree was against the weight of the evidence in that the victim's

testimony was inconsistent with that of the medical experts (Docket No. 1, Pet. ¶ 22).

I.      Exhaustion

In the interest of comity and in keeping with the requirements of 28 U.S.C. §2254(b), federal courts will not consider a constitutional challenge that has not first been "fairly presented" to the state courts. Ayala v. Speckard, 89 F.3d 91 (2d Cir. 1996), citing Picard v. Connor, 404 U.S. 270, 275 (1971); Daye v. Attorney General of New York, 696 F.2d 186, 191 (2d Cir.1982) (in banc), cert denied, 464 U.S. 1048 (1984).  A state prisoner seeking federal habeas review must first exhaust his available state remedies with respect to the issues raised in the federal habeas petition.  Rose v. Lundy, 455 U.S. 509 (1982).  To meet this requirement, the petitioner must have raised the question in a state court and put the state appellate court on notice that a federal constitutional claim was at issue.  See Grady v. Le Fervre, 846 F.2d 862, 864 (2d Cir.1988); Petrucelli v. Coombe, 735 F.2d 684, 688-89 (2d Cir. 1984).

Respondent acknowledges that the Petitioner has exhausted his state court remedies with respect to the claims in the instant Petition (see Docket No. 6, Ans. ¶ 1).

II.     Standard of Review

State court findings of "historical" facts, and inferences drawn from those facts, are entitled to a presumption of correctness.  Matusiak v. Kelly, 786 F.2d 536, 543 (2d Cir.), cert. denied, 479 U.S. 805 (1986); see also 28 U.S.C. §2254(e)(1), which states that "a determination of a factual issue made by a State court shall be presumed to be correct."

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2254(d) of Title 28 provides that a habeas corpus Petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of that claim:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The habeas corpus petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.  The presumption of correctness attaches to findings both by state trial courts and by state appellate courts.  Smith v. Sullivan, 1 F. Supp. 2d 206, 210-11 (W.D.N.Y. 1998) (Larimer, Ch.J.); Nevius v. Sumner, 852 F.2d 463, 469 (9th Cir. 1988), cert. denied, 490 U.S. 1059 (1989).

Prior to the enactment of the AEDPA, which substantially amended the habeas corpus statutes, § 2254(d) provided that a state court "determination after a hearing on the merits of a factual issue. . . shall be presumed to be correct," unless certain specified exceptions existed. AEDPA changed the language dealing with the presumption of correctness of state court findings of fact, moved it to § 2254(e) and also added the current version of § 2254(d).  As noted by Chief Judge David G. Larimer in Smith, "the new version of § 2254(d) has clearly raised the bar for habeas petitioners, placing on them the burden to show by clear and convincing evidence that the state court decision was defective in some way," Smith, supra, 1 F. Supp. 2d at 211.  The amended statute "requires federal courts 'to give greater deference to the determinations made by state courts than they were required to do under the previous law.'" Ford v. Ahitow, 104 F.3d 926, 936 (7th Cir.1997) ((quoting Emerson v. Gramley, 91 F3d 898, 900 (7th Cir. 1996), cert. denied, 520 U.S. 1122 (1997)); see also Houchin v. Zavaras, 107 F.3d 1465, 1470 (10th Cir.1997)

4

("AEDPA increases the deference to be paid by the federal courts to the state court's factual findings and legal conclusion").

III.     Analysis

    A.     Right to an Impartial Jury

    Petitioner was convicted of, inter alia, criminal impersonation in the second degree, <u>see</u> N.Y. Pen. Law § 190.25(1).  On appeal, the prosecution conceded and the Fourth Department so held that the evidence was insufficient to sustain a criminal impersonation conviction and modified the judgment accordingly, <u>Woods</u>, <u>supra</u>, 26 A.D. 3d at 818.  Petitioner contends that his Sixth Amendment right to an impartial jury was violated when he was improperly charged with criminal impersonation in the second degree.  Petitioner specifically claims that the improper charge had a "spillover" effect that tainted the jury's ability to impartially render verdicts on the sexual assault charges (<u>see</u> Docket No. 1, Pet. ¶ 22(A)).

    Respondent argues that petitioner's real name is James Woods but when he was arrested he gave the name of "Anthony Gray," and this was the basis for the charge of criminal impersonation (Docket No. 7, Resp't Memo. at 7[1]).  The prosecution on appeal conceded that the evidence was legally insufficient and the Appellate Division modified the judgment and vacated the conviction for criminal impersonation, <u>Woods</u>, <u>supra</u>, 26 A.D.3d at 819, 810 N.Y.S.2d at 274.  Respondent contends that petitioner's present argument is unsupported and conclusory, that there was overwhelming evidence of sexual assault to support the conviction for that offense (<u>id.</u>), and that unsupported, vague, and conclusory claims "do not advance a viable claim for

---

[1]Respondent adheres to this claim of an alias in captioning its Memorandum as "JAMES WOODS a/k/a ANTHONY GRAY, Petitioner," <u>id.</u> at 1.

habeas corpus relief," (id. quoting Skeete v. N.Y., No. 03 CV 2903, 2003 WL 22709079, at *2 (E.D.N.Y. Nov. 17, 2003).

In accordance with § 2254(d), petitioner must establish that the state court determinations violated clearly established federal law (as determined by the Supreme Court) or were based on unreasonable determination of the facts given the evidence presented at trial.  If petitioner is unable to establish either, habeas relief must be denied on this claim.

Petitioner fails to provide any established federal law as determined by the Supreme Court that acknowledged a claim of "spillover" effect of a reversed conviction on one count having on other counts of conviction.  The caselaw in this Circuit relative to this claim apply concepts from federal prosecutions, see Jelinek v. Costello, 247 F. Supp. 2d 212, 276-77 (E.D.N.Y. 2003), citing United States v. Morales, 185 F.3d 74, 82 (2d Cir. 1999) (applying Circuit procedure for assessing claim of prejudicial spillover), United States v. Wapnick, 60 F.3d 948, 953 (2d Cir. 1995) (cited in Morales, supra, 185 F.3d at 82), cert. denied, 517 U.S. 1187 (1996), and United States v. Naiman, 211 F.3d 40, 50 (2d Cir. 2000).  "When fewer than all criminal counts have been dismissed at trial or reversed on appeal, a court must determine whether prejudicial spillover from evidence introduced in support of the dismissed or reversed counts requires the remaining convictions to be upset," Jelinek, supra, 247 F. Supp. 2d at 276, citing United States v. Rooney, 37 F.3d 847, 855 (2d Cir. 1994).  In conducting this assessment the review court considers "'whether the totality of the circumstances requires reversal of some or all of the remaining counts.' United States v. Wapnick, 60 F.3d 948, 953 . . . ," Jelinek, supra, 247 F. Supp. 2d at 276 (also citing People v. Baghai-Kermani, 84 N.Y.2d 525, 532, 620 N.Y.S.2d 313, 316 (1994)).  The court in Jelinek applied the three factors first enumerated in

6

Naiman for determining whether there was impermissible spillover, that is whether the evidence

on the vacated count was inflammatory and tended to incite or arouse the jury to convict the

defendant on the remaining counts; whether the evidence on the vacated counts was similar to or

distinct from that required to prove the remaining counts; and the strength of the prosecution case

on the remaining counts, Jelinek, supra, 247 F. Supp. 2d at 276; Naiman, supra, 211 F.3d at 50.

As for the first Naiman/Jelinek factor, the evidence admitted to support the criminal

impersonation charge consisted of a police officer's testimony that, when he pulled petitioner

over and asked for his name, petitioner provided the false name of Anthony Gray (Tr. at 143-44).

Petitioner has failed to show that this evidence would have been deemed inadmissible but for the

existence of the criminal impersonation charge.  While evidence of lying to the police may be

deemed "inflammatory," petitioner does not show that the admissibility of this evidence was

contingent upon the existence of the impersonation charge, see United States v. Ivic, 700 F.2d

51, 65 (2d Cir. 1983) (potential taint from a RICO count for other counts).

As to the second Naiman/Jelinek factor, the criminal impersonation count arose from a

completely distinct fact pattern from the sexual assault and related counts, occurring at a different

day, time, and place than the sexual assault, see Morales, supra, 185 F.3d at 82.  "Where the

vacated and remaining counts arise out of completely distinct fact patterns, and the evidence as to

both counts is readily separable, there is also no prejudicial spillover," id.  The only potential

prejudice may have been the jury receiving evidence of the criminal impersonation somehow

affected their view of petitioner as regards the sexual assault charges.  But, as for the third

Naiman/Jelinek factor, the evidence for the sexual assault charges was overwhelming and the

charge of criminal impersonation (by itself) is not sufficiently prejudicial so as to taint the jury.

Complainant's mother testified in that trial describing a conversation she had with petitioner in which he admitted to sexually assaulting the complainant (Tr. at 147). The complainant identified petitioner as the person who sexually assaulted her and testified that petitioner leaped from a second story window to avoid capture (Tr. at 82). The complainant's brother corroborated this testimony, stating that he heard "like a loud noise. You could tell like somebody was on the back of the house . . ." (Tr. at 127). In fact, if the offenses were changed and the sexual assault charge was reversed on appeal, and petitioner was convicted of criminal impersonation, that scenario poses more potential for prejudice that the jury would convict than what is actually presented here, cf. id. (defendants arguing that Hobbs Act violations, possession of a firearm by a felon were prejudiced by spillover of evidence from invalidated racketeering counts). This differs from a case in which habeas relief was granted for spillover prejudice where the evidence from the reversed child sexual abuse count may have tainted consideration of three remaining counts of child sexual abuse, Lindstadt v. Keane, 239 F.3d 191, 205 (2d Cir. 2001).

Thus, petitioner has not met his burden of showing that the jury was so prejudiced by the inclusion of evidence surrounding the criminal impersonation charge as to taint the remaining offenses. Therefore, petitioner's prejudicial spillover claim must be **denied**.

B.      Ineffective Assistance of Counsel

Petitioner's claim of ineffective assistance of counsel must be analyzed according to the standards set forth by the Supreme Court in Strickland v. Washington. 466 U.S. 668 (1984). Under Strickland, the petitioner is required to show that defense counsel's representation "fell below an objective standard of reasonableness" determined according to "prevailing professional

norms" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 688.  Both prongs of this analysis must be satisfied in order to prevail on an ineffective assistance of counsel claim, id. at 687.

In Strickland, the Court stated that the test for an ineffective assistance claim, under habeas review, is whether the petitioner received "reasonably competent assistance," id. at 688. In deciding this question, the court must apply an objective standard of reasonableness, id. Generally, defense counsel are "strongly presumed to have rendered adequate assistance," id. at 690.  To succeed on such a claim, then, the petitioner must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy,'" id. at 689 (quoting Michael v. Louisiana, 350 U.S. 91, 101 (1955)).

If defense counsel's performance is found to have been defective, relief may only be granted where it is shown that the defendant was actually prejudiced by counsel's errors, Strickland, supra, 466 U.S. at 692 (emphasis added).  Prejudice is established upon a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694.  The court determines the presence or absence of prejudice by considering the totality of the trial evidence, id. at 695.

Petitioner here claims that he received ineffective assistance of counsel as a result of (1) his attorney failing to interview the doctors that examined the complaining victim; and (2) his attorney failing to call medical experts to contradict the prosecution's expert witness. Respondent counters that petitioner received effective assistance (Docket No. 7, Resp't Memo. at 9).

1.      Failure to Interview the Doctor

Failure to interview the doctor that physically examined the complainant did not rise to the level of ineffective assistance of counsel.  While it may seem logical for defense counsel to seek out an interview with this doctor, petitioner fails to assert what fruit this interview would have brought to bear.  "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, supra, 466 U.S. at 691.  Petitioner provides no indication how an interview would have been beneficial to his case nor how, but for this alleged error, his convictions would have been called into question.  Since petitioner has failed to show that he has been prejudiced, defense counsel's failure to interview the doctor is not ineffective assistance of counsel and relief on this ground is **denied**.

2.      Failure to Call an Expert Witness

Defense counsel's failure to call an expert witness to controvert the prosecution's expert does not rise to the level of ineffective assistance of counsel.  It is noted that, under certain circumstances, failure to call an expert witness can be grounds for ineffective assistance of counsel.  Bell v. Miller, 500 F.3d 149 (2d Cir. 2007) (failure to call an expert to testify on the influence of trauma, blood loss and medication on a witness's memory was grounds for ineffective assistance); Lindstadt, supra, 239 F.3d at 202, 204 (failure to consult an expert on sexual abuse of children grounds for ineffective assistance).  In this case, however, petitioner has not asserted what an expert would have been able to testify to that would have called his convictions into question.

10

In order to show that petitioner was prejudiced when defense counsel failed to call an expert witness, petitioner needed to show that there was compelling evidence of his innocence and that this evidence would have been provided by an expert witness. <u>Strickland</u>, <u>supra</u>, 466 U.S. at 692.  Petitioner fails to assert, with any degree of specificity, what a medical expert could have testified to that would have aided in his acquittal.  The failure to assert what this potential testimony would have consisted of vitiates the Petitioner's claim of ineffective assistance of counsel.

Moreover, it seems entirely reasonable that defense counsel could have found it unnecessary to call an expert witness.  The prosecution's expert witness testified that a physical examination of a sexually abused child may not reveal any detectable signs of a sexual assault (Tr at 164-68, 170-73, 177).  The prosecution's witness never testifies that there was any identifying signs of a sexual assault nor does he identify petitioner as the one responsible for the assault on the child.  In fact defense counsel elicits an answer from the doctor that if the right set of circumstances were present, a logical conclusion could be that no assault occurred (Tr at 183).  Therefore, defense counsel was effective.  The Court need not consider the second prong of <u>Strickland</u>, that is whether petitioner was prejudiced by the purported ineffectiveness.  Petitioner's request for relief on ineffective assistance of counsel grounds is also **denied**.

C.      Weight of the Evidence

Petitioner claims that his conviction of rape in the first degree was against the weight of the evidence (Docket No. 1, Pet. ¶ 22(C)).  A claim that a verdict was made against the weight of the evidence is one based on New York Criminal Procedure Law, which authorizes appellate courts to overturn a conviction where "a verdict of conviction resulting in a judgment was, in

whole or in part, against the weight of the evidence," N.Y. Crim. Proc. Law § 470.15(5).  A

claim that the verdict is against the weight of the evidence is a state law claim that is not

cognizable on federal habeas review, 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-

68 (1991) (federal courts may grant habeas relief only where a conviction violates the

Constitution, laws or treaties of the United States).

    Even if this claim were cognizable, the standard of proving a claim of insufficiency of the

evidence places a "very heavy burden" on the Petitioner, see United States v. Carson, 702 F.2d

351, 361 (2d Cir. 1983).  The reviewing court must ask whether "the jury, drawing reasonable

inferences from the evidence may fairly and logically have concluded that the defendant was

guilty beyond a reasonable doubt," id. (citing Jackson v. Virginia, 443 U.S. 307, 317 (1979)).

When deciding this question, the court must view the evidence in the light most favorable to the

prosecution and construe all permissible inferences in its favor, see id. (citing Glasser v. United

States, 315 U.S. 60, 80 (1942)); see also Jackson, supra, 443 U.S. at 319.

    As mentioned above, the jury heard substantial testimony indicating that petitioner

sexually assaulted the complainant.  Apparently the jury chose to credit this testimony and

convicted petitioner on all sexual assault and related counts.  The "jury is exclusively responsible

for determining a witness' credibility" and thus this Court is without authority to reassess the

jury's findings in that regard. United States v. Strauss, 999 F. 2d 692, 696 (2d Cir. 1993).

    Petitioner's claim that his conviction is against the weight of the evidence is not

cognizable under federal habeas review, McGuire, supra, 502 U.S. at 67-68.  Even if the claim is

considered to be an insufficiency of the evidence claim, there was sufficient evidence for a

rational jury to determine that petitioner was guilty beyond a reasonable doubt.  Thus, on this

ground the Petition is **denied**.

IV.     Certificate of Appealability

An appeal from a final order in a habeas corpus proceeding involving process issued by a

state court requires a certificate of appealability before an appeal can be taken.  28 U.S.C.

§ 2253(c)(1)(A).  "In a habeas corpus proceeding in which the detention complained of arises

from process issued by a state court," as here, "the applicant cannot take an appeal unless a

circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C.

§ 2253(c).  If an applicant files a notice of appeal, the district judge who rendered the judgement

must either issue a certificate of appealability or state why a certificate should not issue." Fed. R.

App. P. 22(b)(1).  Under that statute "a certificate of appealability may issue under paragraph (1)

only if the applicant has made a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322 (2003).

The claims raised by petitioner here do not make a substantial showing of the denial of a

constitutional right.  Further, this Court is **not** "of the opinion that such order involves a

controlling question of law as to which there is substantial ground for difference of opinion and

that an immediate appeal from the order may materially advance the ultimate termination of the

litigation," 28 U.S.C. § 1292(b), to declare the earlier Order to be subject to an interlocutory

appeal.  Thus, the Court **declines** to issue a certificate of appealability.

<u>CONCLUSION</u>

Based on the above, it is ordered that the Petition for habeas corpus relief (Docket No. 1)

be **DENIED**.  The Court also **declines** to issue a certificate of appealability.  Pursuant to Fed. R.

App. P. 22(b)(1), petitioner may request a circuit judge of the United States Court of Appeals for

the Second Circuit to issue the certificate.

So Ordered.

_____
/s/ Hugh B. Scott

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        December 8, 2008

14